**Isaac Jessie WEST, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A-12962.**

Court of Criminal Appeals of Oklahoma.

March 15, 1961.

Rehearing Denied April 19, 1961.

Roe & Roe, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Presiding Judge.

Isaac Jessie West, hereinafter referred to as defendant, was charged by information in the District Court of Tillman County with the crime of operating a motor vehicle while under the influence of alcohol, second and subsequent offense; found guilty and sentenced to pay a fine of $1 and to serve one year in the state penitentiary.

Defendant lodged his appeal in this Court in the time prescribed by law advancing one assignment of error. He contends that the evidence was wholly insufficient to support the verdict and that the court erred in not sustaining a demurrer to the evidence.

The evidence revealed that a drive-in, known as the Wagon Wheel, is located in Frederick, Tillman County, Oklahoma, between 9th and 10th streets on Woods Avenue. That on the 12th day of April, 1959, defendant was involved in a collision with a car parked to the west of the drive-in and adjacent to Woods Avenue. There is no denial of the collision or defendant's condition, but defendant's assignment of error

advances the argument that there is no evidence to show that defendant drove his car while intoxicated in a place prohibited by law.

The statute, under which this charge was brought, Title 47 Okl.St.Ann. § 93 provides among other things that it shall be unlawful for any person who is under the influence of intoxicating liquor to operate or drive a motor vehicle on any thoroughfare, highway, county road, state highway, or state road, public street, avenue, public parks, driveway, public square or place, bridge, viaduct, trestle, or any thoroughfare or structure, public or private designed, intended or used by or for the general public for travel or traffic.

The testimony of witness Laverne Adams revealed that she lived in a trailer house located immediately behind the Wagon Wheel drive-in. On the night in question she was sitting in her aunt's car on the north side of the trailer house and parallel to Woods Avenue. Upon being questioned she testified:

"Q. When was the first time you noticed a car coming toward your car, Mr. West, coming toward your car? A. Just when he got in the car.

"Q. Did you observe him get in his car in front of the Wagon Wheel? A. Yes, sir.

"Q. Did you observe him pull away from the Wagon Wheel? A. Yes, sir.

"Q. How did he get from the Wagon Wheel around to your car? A. He backed out from the Wagon Wheel and circled around—

"Mr. Roe: I can't hear.

"A. He backed out from the Wagon Wheel and turned down the road and pulled right in the side of me.

"Q. Hit the car you were in? A. Yes, sir.

"Q. On which side was the car hit? A. The north side."

Also, a drawing of the area was prepared by witness Steve Sanders showing the location of the Wagon Wheel, the trailer house and the cars involved. The drawing showed the Wagon Wheel sitting in the northeast corner of the block facing north on Woods Avenue. The map shows no other road to the north except Woods Avenue. It is obvious therefore, in view of Laverne Adams' testimony that "defendant backed out from in front of the Wagon Wheel and turned down the road", that the only road for him to turn down was that of Woods Avenue. Also, Officer Lowell Saunders, one of the investigating officers, testified as follows:

"Q. Tell us in your own words what physical evidence there was as to the accident? A. I would say he just sideswiped the other car. I think, if I remember right, it more or less knocked into the other car that was parked there on the outside.

"Q. Where was Mr. West's car in relation to Wood Avenue, the traveled portion of Wood Avenue? A. I would say about half of his car was sitting in the street and the other half was in the drive."

Also, Steve Sanders testified as follows:

"Q. But you do not tell the jury that Mr. West's car was in Wood Avenue? A. Yes, sir.

"Q. Is there any curb there? A. Not where the car was at.

"Q. How far is the Wagon Wheel from Wood Avenue? A. I don't know, sir.

"Q. In other words, you can't tell the jury for sure it was in that street, can you? A. Sir?

"Q. Can you tell the jury for sure that car was in the street, any of it? A. I would say part of the car was."

The proof could have been much better presented by simple questions directed to the state's witnesses. However, we are of the opinion that there was sufficient evidence from which the jury could arrive at this verdict. The condition of intoxication

was not questioned. There was no evidence presented by the defendant except to show a release of liability had been given to defendant by the owner of the car involved. The facts were undisputed.

■ This Court is thoroughly conscious of its duty to reverse any case where a defendant is convicted without conclusive evidence. However, the Court has been consistent in holding that where there is competent evidence from which the jury could arrive at their verdict, this Court will not interfere upon the grounds of insufficiency of the evidence.

■ The evidence as to the facts constitutes a question within the sole province of the jury. We are of the opinion that the evidence could have been improved upon a great deal by proper inquiry, but was sufficient to create a question for determination of the jury.

It is to be deduced from the evidence the defendant was parked in front of the drive-in. That he backed out, turned down Woods Avenue, lost control of his car, ran off the road into a car parked adjacent to Woods Avenue and that he was in an intoxicated condition.

There is concrete evidence that he backed out from in front of the drive-in and in this regard Officer Saunders testified upon examination:

"Q. In passing the Wagon Wheel as many times as you have, is most of that area completely around the Wagon Wheel used for travelling by the public coming in? A. Well, yes, they surround it all around there."

So it is to be observed that defendant was seen to enter his car in front of the drive-in and back out to the road. The drive-in was a public place under the statute cited herein.

For the reasons heretofore stated, the judgment and sentence of the trial court is hereby affirmed.

BRETT and BUSSEY, JJ., concur.